The STATE of Ohio, Appellant,

v.

WALKER, Appellee.

[Cite as *State v. Walker,* 161 Ohio App.3d 745, 2005-Ohio-3026.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 85233.

Decided June 16, 2005.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Denise Cameron, Assistant Prosecuting Attorney, for appellant.

Wesley A. Dumas Sr. & Associates and Wesley A. Dumas Sr., for appellee.

CHRISTINE T. McMONAGLE, Judge.

{¶ 1} Plaintiff-appellant, the state of Ohio, appeals the judgment of the trial court dismissing count three of the state's indictment in case No. CR–452900. For the reasons that follow, we reverse.

{¶ 2} The record before us demonstrates that appellee was indicted by the Cuyahoga County Grand Jury in case No. CR–452900 on two counts of felonious assault and one count of domestic violence. Appellee was further indicted by the Cuyahoga County Grand Jury in case No. CR–454096 on one count of possession of drugs. Appellee pleaded not guilty to all of the charges at his arraignment.

{¶ 3} After negotiations with the state, appellee agreed to withdraw his previously entered not-guilty plea to count two of case No. CR–452900, felonious assault, and plead guilty to attempted felonious assault. Appellee further agreed to withdraw his previously entered not-guilty plea to count three of case No. CR–452900, domestic violence, and plead to that charge as indicted. Finally, appellee agreed to withdraw his previously entered not-guilty plea to the sole count of possession of drugs of case No. CR–454096 and plead guilty to attempted possession of drugs. As part of the agreement, count one of case No. CR–452900, felonious assault, was to be nolled by the state.

{¶ 4} At the change-of-plea hearing, the assistant prosecuting attorney set forth the agreement on the record, and defense counsel acknowledged that he and appellee were in agreement with the assistant prosecuting attorney's recitation of the plea bargain. However, in taking appellee's plea, the trial court accepted appellee's plea as to the attempted felonious assault and attempted possession of drug charges, but dismissed the domestic-violence charge, count three of case No. CR–452900.

{¶ 5} The matter immediately proceeded to sentencing, at the conclusion of which the assistant prosecuting attorney realized the court's mistake and brought it to the court's attention. The court acknowledged that it had made a mistake, but declined to correct it, stating that it could not "reactivate the indictment" and that the mistake "ha[d] no effect."

{¶ 6} The record before us demonstrates that nothing more than a simple mistake occurred, but it was a mistake we believe the trial court properly could and should have corrected. Further, a review of the court's journal entry relative to the change of plea and sentencing reveals another mistake that must be corrected. Specifically, the journal entry states that appellee pleaded guilty in case No. CR–452900 to amended count two, attempted felonious assault, *and* count three, domestic violence. The journal entry then states in regard to sentencing that count three, domestic violence, was nolled by the court. Not only

is that not the agreement reached by the state and appellee, it is an inaccurate representation of what occurred at the hearing and what the plea agreement was.

{¶ 7} Thus, we find the state's sole assignment of error to be meritorious, and we reverse and remand.

Judgment reversed
and cause remanded.

BLACKMON, A.J., and SWEENEY, J., concur.